402 July 8, 2026 No. 650

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LAUREN TAYLOR OLSON,
*Defendant-Appellant.*

Lane County Circuit Court
24CR11473; A185604

R. Curtis Conover, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant pleaded guilty to one count of unlawful use of a vehicle, ORS 164.135. She was sentenced to 24 months of probation. On appeal, defendant challenges the amount of the restitution award. Viewing the evidence in the light most favorable to the trial court's disposition, *State v. Perdew*, 304 Or App 524, 527, 467 P3d 70 (2020), accepting the trial court's factual findings that are supported by any evidence in the record, and reviewing the imposition of restitution for errors of law, *State v. Skeen*, 309 Or App 288, 290, 481 P3d 402 (2021), we affirm.

Defendant rented a U-Haul truck and did not return it. She drove the truck from Eugene, Oregon, to Berkeley, California. She parked the truck on a street and mailed the key back to the U-Haul location in Eugene. Fifty days after defendant rented the truck, U-Haul recovered it from a tow yard in California. U-Haul was required to pay a number of fees related to recovering the truck from the tow yard. Additionally, the truck had been driven nearly 5,000 miles, was damaged, and required repair. Based on those expenses, U-Haul requested more than $11,000 in restitution, which included $4,292.47 specifically for nearly 5,000 miles driven at a rate of $0.89 per mile.

At a contested restitution hearing, defendant did not dispute that she owed some amount of restitution, but she argued that the state failed to prove the reasonableness and causation for some of the expenses. Following the contested restitution hearing, the trial court imposed the total amount requested, $11,518.96.

In a single assignment of error, defendant argues that the trial court erred by imposing the restitution award. Specifically, defendant argues that the state failed to prove with "reasonable certainty" that "the tow and repairs costs were a reasonably foreseeable result of defendant's conduct," and "the requested rental and mileage fees were reasonable, objectively verifiable lost profits." The state responds that the evidence was sufficient to support the trial court's determinations and that the trial court did not err.

ORS 137.106 authorizes a trial court to order restitution when a person is convicted of a crime that has resulted in economic damages.[1] *State v. Parsons*, 287 Or App 351, 356, 403 P3d 497, *adh'd to as modified on recons*, 288 Or App 449, 403 P3d 834 (2017), *rev den*, 362 Or 545 (2018). To support an award of restitution, "the state must provide sufficient evidence of (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." *Id.* at 356-57. In the context of restitution, "economic damages" are "objectively verifiable monetary losses ***[,]" ORS 31.705(2)(a), excluding "future impairment of earning capacity," ORS 137.103(2)(a). "[T]he defendant's criminal activities must be a 'but for' cause of the victim's damages and *** the damages must have been a reasonably foreseeable result of the defendant's criminal activities." *Parsons*, 287 Or App at 357. Damages are reasonably foreseeable if "a reasonable person in the defendant's position would have foreseen that someone in the victim's position could reasonably incur damages of the same general kind that the victim incurred." *State v. Ramos*, 358 Or 581, 597, 368 P3d 446 (2016).

The trial court did not err by determining that the repairs and tow charges were a reasonably foreseeable result of defendant's conduct. Defendant retained possession of the truck for several weeks, despite having signed a rental agreement for one day. She abandoned it by parking it on a public street. It is reasonably foreseeable that a vehicle left on a street—particularly when the owner is not aware of its location and the lessor is not acting in a watchful manner—may be stolen, vandalized, towed, or otherwise damaged. We have previously held that when a defendant engages in criminal conduct and subsequent criminal activity by another causes further damage, the defendant who engaged in the initial criminal conduct is liable. *State v. Stephens*, 183 Or App 392, 397-99, 52 P3d 1086 (2002) (the defendant's possession and exercise of control over a vehicle, including "leaving it [parked in an] unprotected location," facilitated

---

[1] Defendant rented the truck in 2021. In 2022, the legislature amended ORS 137.106. Or Laws 2022, ch 57, § 1. Below, the parties assumed that the 2022 version applied. Because the parties proceeded under that assumption, we do so on appeal. The statute was also amended in 2025. Or Laws 2025, ch 360, § 3. The 2022 and 2025 amendments to ORS 137.106 did not alter the statute in such a way as to abrogate the applicability of the cases cited herein.

subsequent criminal conduct for which the defendant could be ordered to pay restitution).

We turn specifically to the restitution fee imposed in relation to the truck mileage, $4,292.47. Restitution may be awarded for lost profits, if the state proves "with reasonable certainty," that the victim sustained those losses. *State v. Jurado*, 137 Or App 538, 541, 905 P2d 274 (1995). On appeal, defendant argues that U-Haul did not establish the restitution sought for mileage and rental fees with reasonable certainty. The state argues that evidence was sufficient, including a contract document bearing an electronic signature by defendant that listed a per mile charge and testimony by a U-Haul employee that "not having [trucks available to rent] is pretty harsh to the company" and that trucks need to be in U-Haul's possession in order for truck rentals to result in profit.

Given that our standard of review requires that we view the evidence in the light most favorable to the trial court's disposition, *Perdew*, 304 Or App at 527, and that we must accept factual findings made by the trial court that are supported by any evidence in the record, *Skeen*, 309 Or App at 290, we cannot say the imposition of restitution for mileage or rental fees was error.

Affirmed.